[Cite as *State v. Startzman*, 2018-Ohio-4535.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                                    Court of Appeals No. L-17-1275

      Appellee                                              Trial Court No. CR0201701800

v.

Zacharie Tyler Startzman                              **DECISION AND JUDGMENT**

      Appellant                                            Decided:  November 9, 2018

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lauren Carpenter, Assistant Prosecuting Attorney, for appellee.

Adam H. Houser, for appellant.

* * * * *

**OSOWIK, J.**

**{¶ 1}** This is an appeal from a May 25, 2017 judgment of the Lucas County Court

of Common Pleas, convicting appellant following a bench trial on one count of failure to

comply with an order of a police officer, in violation of R.C. 2921.331, a felony of the

third degree.

**{¶ 2}** In addition, appellant voluntarily pled guilty to the related count of grand theft of a motor vehicle, in violation of R.C. 2913.02, a felony of the fourth degree. Appellant was sentenced to a term of community control of three years encompassing both offenses. This appeal ensued.

**{¶ 3}** Appellant, Zacharie Tyler Startzman, sets forth the following three assignments of error:

> 1. The trial court [erred] when it denied Appellant's Motion for Acquittal.

> 2. The Conviction of Appellant was not supported by Sufficient Evidence.

> 3. The Verdict of Guilty by the Judge was against the Manifest Weight of Evidence.

**{¶ 4}** The following undisputed facts are relevant to this appeal. On March 11, 2017, appellant was out partying in South Toledo with friends late into the night. Appellant apparently decided he wanted to return to the West Toledo home of a relative he was staying with at that time in another part of town and he began walking towards West Toledo.

**{¶ 5}** Shortly thereafter, appellant came upon a vehicle that had been left running while the driver was escorting his passenger into her home. Appellant availed himself of the opportunity and stole the empty, idling vehicle. The victim immediately reported the

2.

theft of his vehicle and provided a description of the vehicle and license plate number to the authorities.

{¶ 6} After receiving the report of the stolen vehicle, the police dispatch notified officers on duty at that time of the vehicle theft so that they could timely keep an eye out for the recently stolen vehicle. Several minutes later, a police officer on patrol not far away from where the vehicle had been stolen observed the stolen vehicle driving northbound on Byrne Road.

{¶ 7} Upon observing the stolen vehicle drive by appellant, the officer did a U-turn and began to follow the vehicle. In response, appellant accelerated speed and engaged in a series of abrupt turns and reckless driving actions in an attempt to evade the pursuing officer.

{¶ 8} In response to these actions by the driver of the stolen vehicle, the officer activated his emergency lights and commenced active pursuit of the stolen vehicle. Notably, as appellant was being pursued by the officer, he dangerously accelerated his rate of speed to approximately 80 m.p.h. while traveling in a 25 m.p.h. speed zone.

{¶ 9} During his failed flight from the pursuing officer, appellant ran a stop sign, continued traveling at an extremely high rate of speed down Secor Road, struck a boulevard island in a residential neighborhood, causing the vehicle to flip, rollover, and strike an adjacent home. These events were recorded by the in-car recording system of the pursuing police officer and submitted into evidence at trial.

3.

{¶ 10} Following the high-speed accident, responding emergency medical personnel found appellant to be unconscious, unresponsive, and in immediate need of Narcan. Narcan was administered to appellant and he subsequently stabilized and regained consciousness.

{¶ 11} On May 10, 2017, appellant was indicted on one count of grand theft of a motor vehicle, in violation of R.C. 2913.02, a felony of the fourth degree, and one count of failure to comply with the order the police officer, in violation of R.C. 2921.331, a felony of the third degree.

{¶ 12} On May 25, 2017, appellant voluntarily conceded to and pled guilty to the one count of grand theft of a motor vehicle. However, appellant elected to proceed to a bench trial on the remaining felony offense.

{¶ 13} At trial, the court heard detailed testimony from the police officer who pursued appellant on the night of the offense. The officer testified about receiving a report while on duty that night providing a detailed description of a recently stolen vehicle. The officer further testified that shortly thereafter he observed that stolen vehicle while on patrol in Toledo.

{¶ 14} The officer went on to furnish extensive testimony regarding the ensuing lengthy pursuit necessitated by appellant's numerous evasive maneuvers including running stop signs, multiple abrupt turns, traveling at a rate of speed three times greater than the speed limit, and the ultimate one-car collision in which appellant struck a

4.

boulevard island, rolled the vehicle over, and struck an adjacent residential home causing significant damage.

{¶ 15} The officer further testified regarding appellant's unconsciousness, unresponsiveness, and the successful administration of Narcan to appellant by emergency medical personnel. The officer conveyed that all of these events were captured by the patrol vehicle's in-car recording system and the recording collaborating these events was admitted into evidence.

{¶ 16} The resident of the home struck by appellant next testified. She verified that appellant's vehicle flipped over and rolled onto her property, striking her residence causing extensive damage. The Toledo police officer who served as the lead investigator also testified and further confirmed and collaborated the relevant facts and events that transpired.

{¶ 17} Lastly, appellant testified on his own behalf. Appellant admitted that he stole the subject motor vehicle while en route back to the West Toledo home of the relative with whom he was living at that time. Appellant further conceded in his testimony to driving recklessly, at a high rate of speed (80 m.p.h. in a 25 m.p.h. zone), but unconvincingly claimed that it was not an attempt to flee from the officer, but rather, it was, "just because of [my] intoxication."

{¶ 18} Appellant further conceded in his testimony that shortly prior to crashing the vehicle he had continued to consume beers during the pursuit for "liquid encouragement," yet unpersuasively denied heroin usage despite the medical necessity

5.

for the administration of Narcan shortly after the accident. Lastly, appellant similarly, unconvincingly denied noticing the pursuing officer's activated overhead emergency lights during the entirety of the late night, high-speed chase.

{¶ 19} At the conclusion of the trial, the trial court found appellant guilty and sentenced him to a three-year term of community control. This appeal ensued.

{¶ 20} In the first assignment of error, appellant maintains that the trial court erred in denying appellant's Crim.R. 29 motion for acquittal. We do not concur.

{¶ 21} It is well-established that a challenge to a motion for acquittal determination constitutes a challenge to the sufficiency of the evidence. The denial of a motion for acquittal is governed by the same standard as that used in determining whether a verdict is supported by sufficient evidence. *State v. Jefferson*, 6th Dist. Lucas No. L-16-1182, 2017-Ohio-7272, ¶ 15.

{¶ 22} In reviewing a challenge to the sufficiency of the evidence, we review the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the elements of the crime proven beyond a reasonable doubt. *State v. Smith*, 80 Ohio St.3d 89, 684 N.E.2d 668 (1997).

{¶ 23} We have reviewed and considered the record of evidence in this matter. The record contains ample, uncontroverted evidence that on March 11, 2017, while under the influence, appellant stole a motor vehicle and upon being pursued by a police officer, appellant led the officer on a lengthy high-speed chase.

6.

{¶ 24} The record reflects that during the chase, appellant traveled at three times the rate of speed, ignored traffic control devices, and ultimately crashed the stolen vehicle into a residential home. The record contains detailed eyewitness testimony from the responding officer, as collaborated by the officer's in-car recording system.

{¶ 25} Conversely, the record also contains the evasive and fallacious testimony of appellant in which appellant concedes to the theft of the motor vehicle, but simultaneously denies an awareness that he was being pursued by a police officer in a police vehicle with emergency lights activated for an extended period of time prior to crashing his car into a home.

{¶ 26} The record unambiguously reflects convincing evidence of appellant's guilt beyond a reasonable doubt. Wherefore, we find appellant's first assignment of error not well-taken.

{¶ 27} In appellant's second assignment of error, appellant similarly maintains that the conviction was not supported by a sufficiency of the evidence.

{¶ 28} The propriety of appellant's second assignment of error is wholly contingent upon our determination in response to appellant's first assignment of error. Given our adverse determination to appellant in the first assignment of error, finding sufficient evidence in support of the disputed conviction, we likewise find appellant's second assignment of error not well-taken.

{¶ 29} In appellant's third assignment of error, appellant asserts that the bench trial conviction was against the manifest weight of the evidence. We do not concur.

7.

**{¶ 30}** It is well-established that when determining whether a conviction was against the manifest weight of the evidence, this court must review the record of evidence, weigh the evidence and all inferences, consider witness credibility, and determine whether in resolving evidentiary conflicts the trier fact clearly lost its way so as to create a manifest miscarriage of justice necessitating a new trial. *State v. Prescott*, 190 Ohio App.3d 702, 2010-Ohio-6048, 943 N.E.2d 1092, ¶ 48 (6th Dist.).

**{¶ 31}** As set forth above, the record encompasses overwhelming evidence in support of the disputed guilty verdict. By contrast, the sole evidence in opposition to the guilty verdict is comprised of appellant's own illogical and unsupported denial of any awareness of the pursuing police officer during the lengthy high-speed chase during which appellant's consistently evasive driving clearly reflected otherwise.

**{¶ 32}** We find that the record is devoid of any evidence in support of the notion that the trier fact lost its way and that a manifest miscarriage of justice occurred. We find appellant's third assignment of error not well-taken.

**{¶ 33}** On consideration whereof, we find that substantial justice has been done in this matter. The judgment of the Lucas County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J. 

_____

JUDGE

Thomas J. Osowik, J. 

_____

Christine E. Mayle, P.J. 
CONCUR.

JUDGE

_____

JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.